A-588-874<br>
3rd AR Remand<br>
Consol. Court No. 21-00533<br>
POR: 10/01/2018 – 09/30/2019<br>
**Public Document**<br>
E&C/OVII: JJZ

*Nippon Steel Corporation v. United States*
**Consol. Court No. 21-00533 (CIT July 1, 2022)**
**Certain Hot-Rolled Steel Flat Products from Japan**

**FINAL RESULTS OF REDETERMINATION**
**PURSUANT TO COURT REMAND**

**I.   SUMMARY**

The U.S. Department of Commerce (Commerce) prepared final draft results of redetermination pursuant to the remand opinion and order of the U.S. Court of International Trade (the Court) in *Nippon Steel Corporation v. United States*, Consol. Court No. 21-00533, (CIT July 1, 2022) (*Remand Order*). These final results of redetermination concern the 2018-2019 administrative review of certain hot-rolled steel flat products from Japan.[1] The plaintiff is Nippon Steel Corporation[2] (Nippon Steel).

Nippon Steel sought judicial review of the *Final Results*, claiming, *inter alia*, that Commerce improperly excluded certain service-related revenue from the U.S. price calculation. On April 29, 2022, Commerce notified the Court that we agreed with Nippon Steel that we had inadvertently left the service-related expenses in question out of our calculations, and we requested a voluntary remand to adjust Nippon Steel's U.S. price. On July 1, 2022, the Court granted Commerce's voluntary remand request.

---

[1] *See Certain Hot-Rolled Steel Flat Products from Japan:  Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019*, 86 FR 47615 (August 26, 2021) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM).

[2] Commerce found that Nippon Steel, Nippon Steel Nisshin Co., Ltd., and Nippon Steel Trading Corporation are affiliated companies that should be treated as a single entity and as the successor-in-interest to Nippon Steel & Sumitomo Metal Corporation, Nisshin Steel Co., Ltd., and Nippon Steel & Sumikin Bussan Corporation, respectively.  *See Certain Hot-Rolled Steel Flat Products from Japan:  Notice of Final Results of Antidumping Duty Changed Circumstances Review*, 84 FR 46713 (September 5, 2019).

Pursuant to the Court's *Remand Order*, we have reconsidered our determination in the *Final Results* regarding Nippon Steel's service-related revenue in the U.S. price calculation. We have recalculated Nippon Steel's antidumping duty rate in these final results of redetermination to include these service-related revenues in U.S. price, and we have revised the antidumping duty rate for Nippon Steel accordingly.

## II.   BACKGROUND

In the *Final Results*, Commerce found that Nippon Steel's rate of dumping during the period of review was 11.70 percent. For the U.S. price margin calculation in the *Final Results*, Commerce stated that it "relied on the total revenue as reported by {Nippon Steel} in its Section C sales database" when determining U.S. price.[3] However, on further review, we find that we instead relied on only a subset of these revenues when determining net U.S. price, and that we inadvertently left out certain separately-reported service-related revenues (*i.e.*, embossing revenue, slitting revenue, and cutting to length revenue).[4] Therefore, Commerce requested a voluntary remand to recalculate the U.S. price by adding these separately reported service-related revenues.

On July 1, 2022, at our request, the Court remanded the *Final Results* with respect to the exclusion of these service-related revenue from the U.S. price calculation. On July 19, 2022, Commerce issued Draft Remand Results and solicited comments from interested parties.[5] On

---

[3] *See Final Results* IDM at Comment 4; *see also* Nippon Steel's Letter "Certain Hot-Rolled Steel Flat Products from Japan:  NSC's Response to the Department's Section C Questionnaire," dated June 29, 2020.
[4] *See* Memorandum, "Antidumping Duty Administrative Review of Certain Hot-Rolled Steel Flat Products from Japan:  Final Results Analysis for Nippon Steel Corporation," dated August 20, 2021.
[5] *See* Memorandum, "Nippon Steel Corporation v. United States Consol. Court No. 21-00533 (CIT July 1, 2022) Certain Hot-Rolled Steel Flat Products from Japan:  Draft Results of Redetermination of Pursuant to Court Remand.," dated July 19, 2022.

July 25, 2022, we received comments from Nippon Steel and Nucor Corporation (Nucor).[6] Our responses to all comments received are included in the next section.

### III. COMMENTS ON DRAFT REMAND RESULTS AND ANALYSIS

*Nippon Steel Comments:*

- Nippon Steel agrees with Commerce's reconsideration of the issue and the decision to include Nippon Steel's reported U.S. revenue for extra services in the calculation of the net U.S. Price. However, Commerce's one revision to the formula for U.S. net price of the margin program code is not sufficient to fully implement the inclusion of Nippon Steel's reported U.S. revenue for extra services in the dumping margin calculation.[7]

- Commerce should also make revisions to the calculations of: (1) the net price used in the differential pricing test; and (2) the revenue for the constructed export price (CEP) profit rate.[8]

- Alternatively, Commerce could modify the calculation of the adjusted U.S. gross unit price by adding these three service-related revenues to the adjusted U.S. gross unit price, rather than adding them to the U.S. net price calculation. Using either approach would change Nippon Steel's dumping margin from 10.38 percent to 10.12 percent.[9]

---

[6] *See* Nippon Steel's Letter, "Re: Certain Hot-Rolled Steel Flat Products from Japan: Comments on Draft Results of Redetermination," dated July 25, 2022 (Nippon Steel Comments); *see also* Nucor's Letter, "Re: Certain Hot-Rolled Steel Flat Products from Japan: Comments on Draft Results of Redetermination," dated July 25, 2022 (Nucor Comments).
[7] *See* Nippon Steel Comments at 2.
[8] *Id.* at 3.
[9] *Id.* at 4.

*Nucor Comments:*

- For the final results, Commerce should return to its original, service revenue-exclusive calculations, because Nippon Steel has not established that the record supports the addition of the service-related revenues to U.S. price.[10]

- Because Nippon Steel did not demonstrate that the further manufacturing costs associated with the services at issue were reported (and subtracted from U.S. price), it did not demonstrate its eligibility for its desired revenue adjustment.[11]

- Commerce has long held that the party seeking a direct price adjustment bears the burden of proving entitlement to such an adjustment. Given the lack of clarity and lack of record support, Nippon Steel has not met that burden, and Commerce should continue to deny these revenue adjustments for the final remand results.[12]

**Commerce's Position:** We agree with Nippon Steel that these service-related revenues should be included in the calculation of the net U.S. price. In its Section C response, Nippon Steel explained that for certain CEP sales made by Nippon Steel's U.S. affiliate, Steelscape LLC (Steelscape), Nippon Steel charged extra for embossing, slitting and cutting to length services.[13] These extra charges appear as separate line-items on Steelscape's invoice issued to its unaffiliated U.S. customers.[14] Therefore, Nippon Steel added the following fields EMBOSSREVU, SLITREVEU and CTLREVU, to its U.S. sales database to report the on-invoice revenue amounts for embossing, slitting and cutting to length.[15] Nippon Steel submitted sample invoices to establish that Steelscape charged some of its customers separately for

---

[10] *See* Nucor Comments at 2.
[11] *Id.* at 3.
[12] *Id.*
[13] *See* Nippon Steel's letter, "Re: Certain Hot-Rolled Steel Flat Products from Japan: NSC's Response to the Department's Section C Questionnaire," dated June 29, 2020 (Nippon Steel Section C Response), at C-37.
[14] *Id.*
[15] *Id.*

4

embossing, slitting or cutting to length.[16]  The field of Nippon Steel's total revenue (TOTALREVU) summed the amounts including these three fields to report the total U.S. revenue on Steelscape's CEP sales.[17]  Furthermore, Nippon Steel reported these service-related costs, recorded in Steelscape's further manufacturing cost centers, as part of the total further manufacturing costs, and it tied the cost center costs to its trial balance and total cost of manufacturing.[18]  Therefore, Commerce agreed with Nippon Steel that these service-related revenues should be added to the U.S. price and asked the court to grant Commerce a voluntary remand on this issue.

Furthermore, we agree with Nippon Steel that, in addition to adding these service-related revenue to U.S. net price in the dumping margin program, the Macros program also needs to account for these adjustments.  Therefore, we added these three service-related revenues to the net price used in performing the differential pricing test and in computing the revenue for CEP profit rate.

## IV.   FINAL RESULTS OF REDETERMINATION

Pursuant to the Court's granting of our request for a voluntary remand, we have recalculated Nippon Steel's U.S. price and margin calculation for Nippon Steel by adding these three separately-reported service-related revenues to the U.S. price.[19]  If these remand results of redetermination are affirmed by the Court, we intend to issue amended *Final Results* providing the updated dumping margin below:

---

[16] *Id.* at Exhibit C-13.
[17] *Id.* at C-37.
[18] *See* Nippon Steel's letter, "Re: Certain Hot-Rolled Steel Flat Products from Japan: NSC's Response to the Department's Section E Questionnaire," dated June 26, 2020 (Nippon Steel Section E Response), at E-20 and Exhibits E-8 and E-9.
[19] *See* Memorandum, "Antidumping Duty Administrative Review of Certain Hot-Rolled Steel Flat Products from Japan:  Calculation for the Final Remand Redetermination," dated concurrently with these final results of redetermination.

| Producer/Exporter | Weighted-Average Dumping Margin (percent) |
|---|---|
| Nippon Steel Corporation/Nippon Steel Nisshin Co., Ltd./Nippon Steel Trading Corporation | 10.12 |

8/1/2022

X _Elouaradia_ (signature)

Signed by: ABDELALI ELOUARADIA

Abdelali Elouaradia
Deputy Assistant Secretary
 for Enforcement and Compliance