# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| NIPPON STEEL CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　Defendant,<br><br>NUCOR CORPORATION, STEEL DYNAMICS, INC. AND SSAB ENTERPRISES, LLC,<br><br>　　　　　Defendant-Intervenors. | Court No. 21-00533 |

## COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S REDETERMINATION PURSUANT TO COURT REMAND

Plaintiff Nippon Steel Corporation ("NSC") hereby submits these comments on the Redetermination Pursuant to Court Remand filed by the U.S. Department of Commerce ("Department") with this Court on August 1, 2022 ("Remand Results"), ECF No. 43. These comments are timely filed pursuant to the Court's Order dated July 1, 2022, which provided Plaintiff 14 days from the filing of the Department's Remand Results to submit comments to the Court.

In short, NSC supports the Remand Results, which addressed the third count of NSC's Complaint in this case. Specifically, NSC agrees that in its Remand Results, the Department properly corrected its calculation of NSC's net U.S. price throughout its dumping margin calculations by including NSC's reported U.S. revenue for certain extra services that, as

**SIDLEY**

The Honorable Mario Toscano
August 15, 2022
Page 2

the Department acknowledges, were improperly excluded in the Department's original final results, *Certain Hot-Rolled Steel Flat Products From Japan: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018–2019*, 86 FR 47615 (Aug. 26, 2021).  *See* Remand Results at 4-5.  NSC therefore requests that the Court sustain the Department's Remand Results with respect to the third count of NSC's Complaint.

# SIDLEY

The Honorable Mario Toscano
August 15, 2022
Page 3

That said, NSC maintains the other two counts of NSC's Complaint, namely: first, the Department's deduction of Section 232 duties from NSC's U.S. prices is not supported by substantial evidence and not otherwise in accordance with law; and second, the Department's application of facts otherwise available with an adverse inference to certain unreported downstream sales is not supported by substantial evidence and not otherwise in accordance with law.  NSC looks forward to the Court's disposition of the first and second counts of NSC's Complaint.

                                          Respectfully submitted,

*{signature}*

                                          Richard L.A. Weiner
                                          Rajib Pal
                                          Shawn M. Higgins
                                          Justin R. Becker
                                          Alex L. Young

                                          Sidley Austin LLP
                                          1501 K Street, N.W.
                                          Washington, D.C. 20005
                                          (202) 736-8000

                                          Counsel for Nippon Steel Corporation

Dated: August 15, 2022